NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-838

NIKLAUS V. BRINK[1] & another[2]

vs.

BARBARA E. HUNT.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case arises from a long-running neighbor dispute between the plaintiffs, Niklaus V. Brink and Lily Kim Brink,[4] and the defendant, Barbara E. Hunt. The Brinks sued Hunt for breach of fiduciary duty, among other claims, alleging that she breached her obligations to the 27-29 County Street Condominium Trust (trust) in several ways. Hunt raised numerous

_____

[1] Individually and as co-trustee of 27-29 County Street Condominium Trust.

[2] Lily Kim Brink.

[3] Individually and as co-trustee of 27-29 County Street Condominium Trust.

[4] Because the plaintiffs have the same surname, we will refer to Niklaus Brink individually by his first name. We will refer to the plaintiffs together as "the Brinks."

counterclaims including, as relevant to this appeal, that Niklaus misappropriated condominium funds and that Hunt was entitled to termination of an implied easement that the Brinks have over her exclusive-use areas. After a jury-waived trial, a Superior Court judge issued a detailed written decision concluding that Hunt breached her fiduciary duty to the trust, warranting her removal as co-trustee, and awarding Niklaus his attorney's fees in his capacity as co-trustee. The judge also rejected Hunt's counterclaim for misappropriation of funds and declined to terminate the Brinks' implied easement. Hunt appeals from the judgment and from the judge's denial of her second motion to reconsider the judgment.[5] We affirm.

Background. In 2010 Hunt filed a Superior Court action against Niklaus (first action). The main issues raised in the first action were the dividing line between areas of exclusive use in the backyard, whether Niklaus had an easement to pass over Hunt's exclusive-use areas to access his half of the garage, and whether a third trustee should be appointed to resolve disputes such as those over common-area maintenance. After a jury-waived trial, judgment entered in 2012. The

---

[5] After the judge allowed in part Hunt's first motion to reconsider, an amended judgment entered, from which Hunt did not file a timely notice of appeal. Regardless, Hunt's notices of appeal from the original judgment and from the denial of her second motion to reconsider are sufficient to bring her arguments properly before us.

2

judgment provided, among other things, that a site plan introduced at trial (Kelley plan) governed the dividing line between the exclusive-use areas in the backyard and that Niklaus had an easement to pass over Hunt's exclusive-use areas to access the garage.  Separately, the Brinks and Hunt entered into two agreements (agreements):  a "Grounds Keeping Schedule," which set forth the parties' responsibilities regarding yard maintenance, and a "Proposal for Operating Procedures," which governed how the parties would communicate with each other.

In 2016 Hunt declared to the Brinks that she was terminating the agreements.  Although the Brinks objected, from that point on, Hunt no longer complied with the agreements.  For instance she failed to clear snow and cared only for the portion of the front yard in front of her condominium.  Hunt's behavior also became increasingly hostile toward the Brinks.  She destroyed vegetation planted by the Brinks in the front yard and cut flowers from the common-area flower bed, and, when the Brinks repaired the flower bed, Hunt pulled out the flowers and deposited the debris in their walkway.  In addition, Hunt sent the Brinks harassing and abusive letters, which used insulting and derogatory language and contained false allegations of criminal conduct.  Hunt also installed a fence running through the front yard, "effectively creat[ing] a four-foot-high locked 'pen' in the front yard directly in front of her unit."

In March 2021 the Brinks filed this action, seeking removal of Hunt as co-trustee of the trust and appointment of a third-party proxy to act as co-trustee, along with other injunctive relief and attorney's fees.

Discussion.  On review of a judgment after a bench trial, we review the judge's findings of fact for clear error and conclusions of law de novo.  See Martin v. Simmons Props., LLC, 467 Mass. 1, 8 (2014).  As we understand Hunt's brief, she challenges the judge's conclusion that she breached her fiduciary duty to the trust; the judge's refusal to terminate the easement established by the 2012 judgment; the judge's conclusion, related to Hunt's counterclaim for misappropriation of funds, that the trust document did not require the Brinks to restore a collapsed chimney to its original state; and the award of attorney's fees.  Any other arguments have not been adequately briefed and are thus waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

1.  Breach of fiduciary duty.  The judge concluded that Hunt breached her fiduciary duty to the trust in three ways. First, the judge cited Hunt's failure to comply with the agreements.  Although Hunt does not contest that she failed to comply, she argues that the agreements are unenforceable because (1) they were not recorded at the registry of deeds; and (2) she did not sign them.  Hunt has waived the first argument because

4

she fails to cite any legal authority to support the proposition that an agreement that does not affect any ownership interests is unenforceable unless it is recorded at the registry of deeds. See Mass. R. A. P. 16 (a) (9) (A). As to the second argument, the judge found that, although the judge in the first action declined to incorporate the agreements into the 2012 judgment, he asked whether the parties signed them freely and voluntarily and whether they intended to be bound by them, "to which all parties -- under oath -- replied in the affirmative." Hunt has not shown that this finding is clearly erroneous. The agreements bear the parties' signatures, and the Brinks testified at trial in this case that the parties agreed under oath during the 2012 proceedings to be bound. The judge credited this testimony, and we defer to that determination. See Robert & Ardis James Found. v. Meyers, 474 Mass. 181, 186 (2016).

Second, the judge concluded that Hunt breached her fiduciary duty by unilaterally declaring part of the front yard to be her exclusive-use area and constructing a fence around it. The judge found that the front yard was common area based on the Kelley plan, the fact that the parties had treated it as common area for years, and Hunt's admission in a prior litigation that she considered the front yard to be common area. Again, Hunt has not shown this finding to be clearly erroneous. Contrary to

5

her contention, the judge was not required to credit the opinion of her expert witness, who opined on direct examination that the Kelley plan showed that the front yard was divided into exclusive-use areas.[6]  This is so even though the Brinks did not offer their own expert.  See Matter of J.D., 97 Mass. App. Ct. 15, 21 (2020) ("[T]he law does not give the opinion of experts . . . the benefit of conclusiveness, even if there is no contrary opinion introduced at the trial" [quotations and citations omitted]).  We further reject Hunt's contention that the judge's finding is precluded by the 2012 judgment.  Issue preclusion does not apply because whether the front yard was common space or exclusive-use space was not litigated or decided in the 2012 action.  See Petrillo v. Zoning Bd. of Appeals of Cohasset, 65 Mass. App. Ct. 453, 457 (2006).  And to the extent Hunt invokes claim preclusion, that argument fails if for no other reason than that she did not construct the fence in the front yard until 2018.  See id. at 458.

Third, the judge concluded that Hunt's "pattern of insulting, abusive [and] patently offensive conduct" toward the Brinks constituted a breach of fiduciary duty.  Hunt does not challenge this conclusion or any of the factual findings

---

[6] Notably, on cross-examination, the expert agreed that the Kelley plan could also be interpreted to show the front yard as a common area.

6

underlying it, and so has waived any claim of error with respect to this part of the judge's decision.  See Mass. R. A. P. 16 (a) (9) (A).

2.  Implied easement.  Hunt's request for termination of the easement is barred by issue preclusion.  As the judge concluded, and we agree, "[t]he creation of the easement is settled law where the 2012 judgment recognizing [the easement] was upheld on appeal."  See Petrillo, 65 Mass. App. Ct. at 457. Hunt raises no argument that the elements of issue preclusion are not met and so again has waived any claim of error on appeal.  See Mass. R. A. P. 16 (a) (9) (A).

3.  Chimney repairs.  After a chimney over the Brinks' unit collapsed, Niklaus used insurance funds to repair it.  The judge rejected Hunt's claim that Niklaus misappropriated the insurance funds, finding that the necessary work could be completed with the balance of the funds except for a small amount of overage that Niklaus agreed to pay.  Hunt argues that this was error because the declaration of trust required the Brinks to restore the chimney to its original condition and that the judge erred by not ordering them to do so.  This argument fails because nowhere does the declaration of trust refer to a duty to restore damaged property to its original condition.  The two sections cited by Hunt require the trust to maintain casualty insurance and to obtain an annual "appraisal of the full replacement value

7

of the property to be insured."  Neither section supports Hunt's reading of the document.

4.  Attorney's fees.  The judge awarded attorney's fees to Niklaus, in his capacity as co-trustee, pursuant to Section 5.24 of the declaration of trust.  That section provides that, "[i]n such case as it is necessary for the Trustees to engage the services of an attorney, or attorneys, for the purpose of enforcing against a Unit Owner . . . any provision of . . . the Declaration of Trust, the Rules and Regulations, or obligations thereunder . . . , and the Trustees should prevail thereon, said Unit owner . . . shall be liable for, in addition to any other liability, the fees and costs of such attorneys in so proceeding thereto."  We disagree with Hunt's contention that this provision did not authorize the award of fees.  Niklaus, as co-trustee, initiated this action in part to enforce Hunt's obligations to maintain the common-area property of the trust, as required by the agreements, and to rectify Hunt's improper erection of a fence on a common area.  The judge did not err by concluding that Section 5.24 authorized Niklaus to recover his fees on behalf of the trust.

5.  Appellate attorney's fees.  The Brinks have requested an award of their appellate attorney's fees on the ground that this appeal is frivolous.  We agree that the appeal is frivolous.  Accordingly, the Brinks may submit a petition for

8

appellate attorney's fees and costs, together with supporting documentation, within fourteen days of the date of this decision.  Hunt may have fourteen days to respond.  See <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).

<u>Amended judgment dated February 4, 2025, affirmed</u>.

<u>Order dated February 28, 2025, denying second motion to reconsider affirmed</u>.

By the Court (Shin, Ditkoff & Tan, JJ.[7]),

Clerk

Entered:  July 16, 2026.

---

[7] The panelists are listed in order of seniority.